UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LAVON GILES,

     Plaintiff,

v.

JONATHAN HEMINGWAY,
HOUSE, TOFUIL, and N.
CLINGERMAN,

     Defendants.

_____/

Case No. 2:23-cv-10951
District Judge Jonathan J.C. Grey
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER (ECF No. 13)[1]

### I.    Introduction

This is a prisoner civil rights case.  Plaintiff Kevin Giles (Giles), proceeding *pro se* and *in forma pauperis*, filed a complaint naming Warden Jonathan Hemingway, Officer House, Officer Tofuil, and N. Clingerman as defendants. (ECF No. 1).  He asserts claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of his Eighth and Fourteenth Amendment rights while housed at the federal correctional institution

_____

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

in Milan, Michigan as a pretrial detainee.  (*Id.*; ECF No. 14).  Under 28 U.S.C.

§ 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No.

16).

Before the Court is Giles' motion for a temporary restraining order (TRO)

and a preliminary injunction.  (ECF No. 13).  He says that he is not being properly

treated for his diabetes or its effects on his eyesight, which is worsening.  For the

reasons set forth below, the undersigned RECOMMENDS that the motion be

DENIED WITHOUT PREJUDICE.[2]

## II.    Legal Standard

Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a

preliminary injunction only on notice to the adverse party."  For a TRO, "[t]he

court may issue a temporary restraining order without written or oral notice to the

adverse party or its attorney only if: "(A) specific facts in an affidavit or verified

complaint clearly show that immediate and irreparable injury, loss, or damage will

result to the movant before the adverse party can be heard in opposition" and "(B)

the movant's attorney certifies in writing any efforts made to give notice and the

---

[2] Motions for preliminary injunctions and temporary restraining orders are
dispositive, so the undersigned must proceed by Report and Recommendation
under 28 U.S.C. § 636(b)(1)(B).  *See Cook v. St. John Hosp. & Med. Ctr.*, No. 10-
10016, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and
recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010).

reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

### III.    Application

As noted in the Court's August 28, 2023 order requiring the U.S. Marshals Service to Make Reasonable Efforts to Locate and Serve Defendants, it does not appear that defendants have been properly served yet.  (ECF No. 19).  The docket also does not reflect that Giles gave defendants notice of his request for a preliminary injunction.  Further, Giles did not certify in writing whether he tried to give defendants notice of his request for a TRO or why notice of his request should not be required.

Because Giles did not follow the requirements of Rule 65, the extraordinary relief of a preliminary injunction or a TRO is unwarranted.  *See Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020), *report and recommendation adopted*, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020) (finding that a plaintiff's "motions [for a preliminary injunction and TRO] are improper because she did not certify attempts at service or explain why notice of the motion should be dispensed with.").  Therefore, Giles' motion should be denied without prejudice.

### IV.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Giles' motion for a TRO and a preliminary injunction, (ECF No. 13), be DENIED

WITHOUT PREJUDICE.

Dated: September 7, 2023                     s/Kimberly G. Altman
Detroit, Michigan                            KIMBERLY G. ALTMAN
                                             United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

4

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.


## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on September 7, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager