UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LAVON GILES,

     Plaintiff,

v.

JONATHAN HEMINGWAY,
HOUSE, TOFUIL, and N.
CLINGERMAN,

     Defendants.

Case No. 2:23-cv-10951
District Judge Jonathan J.C. Grey
Magistrate Judge Kimberly G. Altman

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTIONS FOR RETALIATION (ECF No. 57) STRIKING PLAINTIFF'S MOTIONS FOR RETALIATION (ECF Nos. 31, 53), AND DENYING PLAINTIFF'S MOTION FOR DEFAULT AS MOOT (ECF No. 41)

I.     Introduction

This is a prisoner civil rights case. Plaintiff Kevin Giles (Giles), proceeding *pro se* and *in forma pauperis*, filed a complaint naming Warden Jonathan Hemingway (Hemingway), Officer House, Officer Tofuil, and N. Clingerman as defendants. (ECF No. 1). He asserts claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of his Eighth and Fourteenth Amendment rights while housed at the federal correctional

1

institution in Milan, Michigan (FCI Milan) as a pretrial detainee.  (*Id*.; ECF No. 14).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 16).

Before the Court is Hemingway's motion to strike Giles's "motions for retaliation."  (ECF No. 57).[1]  Giles's motions were filed on January 5, 2024, (ECF No. 31), and April 18, 2024, (ECF No. 53).  Giles also filed a "motion for default for failure of defendants to respond" to his first motion for retaliation.  (ECF No. 41).

For the reasons that follow, Hemingway's motion will be GRANTED, and Giles's motions for retaliation will be STRICKEN.  Further, Giles's "motion for default" for defendants' failure to respond to the first of his motions for retaliation will be DENIED AS MOOT.

## II.    Background

The first of Giles's motions for retaliation alleges that he was transferred from FCI Milan to Genesee County Jail, and later to Saginaw County jail, in retaliation for filing this lawsuit.  (ECF No. 31).  He was given various explanations for this transfer, such as threatening a nurse or asking for extra mental

---

[1] Also pending are Hemingway's motion to dismiss or for summary judgment, (ECF No. 22), House and Tofuil's motion to dismiss or for summary judgment, (ECF No. 49), and Clingerman's motion to dismiss or for summary judgment, (ECF No. 54).  These will be addressed in a future Report and Recommendation.

health pills, which were untrue.  (*Id.*).  He says that he has never gotten in trouble at any of the institutions and that there is no non-retaliatory reason for his transfer.  (*Id.*).

In his second motion, he reiterates these claims.  (ECF No. 53).  He says that he was transferred on November 9, 2023, for the same false reasons as explained in the prior motion, and that the conditions in the county jails were much worse than those at FCI Milan.  (*Id.*).  For these retaliatory transfers, Giles requests monetary, declaratory, and injunctive relief.  (*Id.*).

Between the filing of these motions, Giles moved for a default on his first motion for retaliation.  (ECF No. 41).  The filing is titled "Motion Why Defendant not Response to Plaintiff motion Retaliation."  (*Id.*).  He wrote that he did not understand why defendants had responded to his other motions but not this one.  (*Id.*).

On April 18, 2024, Hemingway moved to strike Giles's two motions for retaliation, not addressing the motion for default.  (ECF No. 57).  Hemingway argues that the events described in these motions are unrelated to the present case, which is regarding the conditions of confinement at FCI Milan.  (*Id.*).  Additionally, Hemingway argues that there is no rule or mechanism available for "motions for retaliation" and as such, the motions should be stricken.  (*Id.*).

III.    Discussion

3

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f)(2).  "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011) (explaining that "such motions are generally regarded with disfavor because of the limited importance on pleading in federal practice, and because they are often used as a delaying tactic" (internal quotation marks and citations omitted)), *report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19, 2011).  "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case."  *G & W Constr. Co.*, 783 F.3d at 569 (internal quotation marks and citation omitted).

Hemingway is correct that Giles's motions are not supported by the Federal Rules of Civil Procedure.  Motions must "state with particularity the grounds for seeking the order[.]"  Fed. R. Civ. P. 7(b)(1)(B).  Giles has provided no grounds for which he can be granted the relief sought.  While the Court understands that Giles is proceeding *pro se*, a party's *pro se* status does not entitle him to disregard

4

the Federal Rules of Civil Procedure.  *Sandweiss Law Ctr., P.C. v. Bunting*, No. 2:07-CV-10099, 2007 WL 1084565, at *1 (E.D. Mich. Apr. 11, 2007).

Giles's allegations in his motions for retaliation amount to additional facts that would not be permissibly joined with the allegations in the complaint. Plaintiffs may not name additional defendants or add claims that are not transactionally related to their other claims or that do not involve common questions of law or fact.  *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (citing Federal Rule of Civil Procedure 20).  As such, the issues Giles raises in these motions are not properly before the Court.  For this reason, Hemingway's motion to strike Giles's motions for retaliation is granted.

Additionally, Giles has not provided any authority supporting his request to grant a default regarding his first motion.  An unopposed motion, especially one that has no basis in the Federal Rules, will not necessarily be granted solely because no defendant has timely responded.  Here, as explained above, the issues raised in Giles's motion are not properly before the Court.  Therefore, because the Court finds it appropriate to strike Giles's motions for retaliation, his motion regarding defendants' lack of response to one of those motions, (ECF No. 41), is denied as moot.

IV.    Conclusion

For the reasons stated above, Hemingway's motion, (ECF No. 57), is

GRANTED, and Giles's motions for retaliation, (ECF Nos. 31, 53), are

STRICKEN.  Further, Giles's motion for default (ECF No. 41) is DENIED AS

MOOT.

     SO ORDERED.

Dated: May 2, 2024                s/Kimberly G. Altman
Detroit, Michigan               KIMBERLY G. ALTMAN
                                United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2024.

                           s/Carolyn Ciesla
                           CAROLYN CIESLA
                           Case Manager